IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| HORACIO GARCIA-CASTRO, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-097 |
| VS. | § | |
| | § | CRIMINAL NO. B-97-490-S1-01 |
| UNITED STATES OF AMERICA, | § | |
|     Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Horacio Garcia-Castro ("Garcia") has filed a petition pursuant to 28 U.S.C. § 2255 claiming that his conviction for drug and firearms violations should be set aside because his retained trial attorney was ineffective. The government has filed a Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 5). For the reasons set forth below, this Motion should be granted.

## BACKGROUND

On December 22, 1997, Garcia and others were indicted. Garcia was charged with conspiracy to possess and possession with intent to distribute cocaine. On February 4, 1998, a superseding indictment added counts charging Garcia with an additional cocaine possession charge, possession of a firearm by a felon and importation of horned lizards into the United States. Following a jury trial, Garcia was convicted on Counts 1, 2, 3, 5, 6 and 7. The court dismissed Count 8 which charged Garcia with the importation of the lizards. The court made a finding that the guns which had been seized were not part of the relevant conduct on the drug charges.

On June 11, 1998, Garcia received three concurrent 120 month sentences and three concurrent 87 month sentences. All his sentences were to be served concurrently. He appealed. His

conviction was affirmed.

## THE § 2255 PETITION

Garcia's § 2255 petition is a melange of criticisms of his attorney's and the court's performance. He argues that his lawyer did not investigate a plausible defense; his lawyer did not prepare for trial; his lawyer did not review the sentencing guidelines; his lawyer did not challenge the amount and purity of the drugs; that the court erred in applying the sentencing guidelines; that the court erred in basing his sentence on the PSR; that his lawyer did not pursue an entrapment defense; and that his lawyer gave no advice as to the desirability of a plea bargain.

## RECOMMENDATION

Many of Garcia's claims are unsupported conclusory statements. In his argument under the heading of failure to investigate a plausible theory of defense and prepare for trial, Garcia does not present a single fact to support this claim. His entire argument is a statement of the general principles of ineffective assistance of counsel claims. This claim should be dismissed. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

The claims concerning the failure of counsel to investigate the sentencing guidelines are equally vague and conclusory and should be dismissed.

Garcia argues that his lawyer was ineffective for failure to challenge the amount of drugs attributable to him. This is factually incorrect. The facts of this case, cited at length in the government's Motion to Dismiss are ample to support the amount of drugs involved in this case.

According to Garcia, his counsel was ineffective for advising him to reject a forty-seven month plea offer. However, Garcia persisted in his claim of innocence at every step of the proceedings including the PSR interview. It is disingenuous of him to now argue that his attorney

2

was ineffective for failing to advice him to accept an offer. Garcia does not argue that his attorney failed to convey the offer.

Garcia is no stranger to the criminal justice system. In 1996, he was convicted by a jury on a drug charge in Cameron County, Texas. Other criminal charges against him for illegal investment, possession of marijuana, theft of firearm, and prostitution were dismissed.

Garcia does not explain how he planned to enter a guilty plea when he has never admitted his guilt. His argument that his attorney was somehow ineffective for failing to convince him to accept a deal is specious and should be dismissed.

Garcia makes a claim the court erred with respect to the application of the sentencing guidelines. These claims are not cognizable in a § 2255 petition. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Garcia makes much of the fact that the government relied on transcripts of tapes during his trial. This is a proper procedure. *United States v. Stone*, 960 F.2d 426 (5th Cir. 1992).

None of Garcia's complaints concerning the conduct of his counsel implicate the *Strickland v. Washington*, 466 U.S. 668, 688 (1984), measure for ineffective assistance. There is absolutely no showing that counsel's performance was deficient.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Horacio Garcia-Castro's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

3

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of September, 2000.

_____
John Wm. Black
United States Magistrate Judge

4