IN THE UNITED STATES COURT OF APPEALS

IN AND FOR THE FIFTH CIRCUIT

HORACIO GARCIA-CASTRO

V.   CASE NO: B-00-097

UNITED STATES OF AMERICA

PRO SE PETITION FOR GRANT OF LEAVE TO
APPEAL DENIAL OF SECTION 2255 MOTION
(CERTIFICATE OF APPEALABILITY)

TO THE HONORABLE COURT:

NOW COMES, HORACIO GARCIA-CASTRO, hereinafter referred to as Petitioner in the above styled and numbered cause and petitions this Honorable Court to grant leave so that Petitioner can appeal the order of the District Court denying Petitioner's §2255 motion and, in support thereof, Petitioner would show as follows:

I

JURISDICTION

On October 11, 2000, the District Court's order denying and dismissing Petitioner's § 2255 motion was entered, therefor, pursuant to Rule 4(a)1(A) of the Federal Rules of Appellate Procedure as well as its Rule 5, this petition is being timely filed and, this Court does indeed have jurisdiction.

## II

## PRO SE LITIGATION

Petitioner wishes to assert the fact that he is a layman-litigant with no background in law and, as a such, he earnestly requests that his pleadings be construed liberally and not subjected to the vigorous, applicable standard of a professional lawyer's pleadings. See <u>Haines v. Kerner,</u> 404 U.S. 519, 520-21, 92S. Ct. 594, 596, 30 L. Ed. 2d. 652 (1972) per curium.

## III

## FACTS OF THE CASE

On June 20, 2000, Petitioner filed a Pro Se § 2255 Motion to Vacate, Set Aside or Correct Sentence. Said sentence of 120 months was imposed by the District Court on June 11, 1998 following the return of a guilty verdict by the jury on one count of conspiracy to possess a controlled substance with intent to distribute in violation of 21USC § 846 and two counts of possession of a controlled substance with intent to distribute, in violation of 21 USC § 841(a)(1).

Petitioner timely gave a notice of appeal, but on July 19, 1999. this Honorable Court affirmed the judgment in the case herein, thus triggering the commencement of the § 2255 action herein.

## IV

## ARGUMENT

Among the issues raised by Petitioner § 2255 motion is whether Petitioner's counsel's conduct, in which said counsel advised Petitioner to proceed to trial, thereby risking a probable sentence of ten years to life in lieu of Government's two plea-offers of 47-month and 7-year sentences respectively, was so eggrigeous as to infringe on Petitioner's constitutional right to a reasonable, effective assistance of counsel.

Petitioner alleges that at the outset and according to his counsel, the Government had proposed an initial plea-agreement of a 47-month sentence, but said counsel had insisted that the Government lacked adequate evidence to prove its case, hence, said counsel strongly advised against accepting said desireable offer. Again, just prior to the commencement of assembling the jury, Petitioner's counsel conveyed that the Government was offering a new plea-bargain of a 7-year sentence, however and once again, Petitioner's counsel reteirated that the Government could not meet its burden of proof and that Petitioner should proceed to trial. Petitioner alleges that he vividly recollects that his counsel claimed to have insinuated to Government that said counsel had declined a far, more generous offer of 47 months, much less a 7-year offer.

In <u>Turner v State of Tenessee,</u> 664 F. Supp. 1113 (M.D. Tenn. 1987) that Court found counsel's perfomance rose to the

3

level of ineffective assistance when said counsel advised that defendant to reject a 2-year sentence of a plea-offer in lieu of a trial that ultimately netted said defendant a 40-year sentence, upon being found guilty of two counts of kidnapping.

In **United States v. Mohammed**, 999F. Supp. 1198 (N.D. Ill. 1988), that Court concluded that the defense counsel's failure to even seek a plea-agreement that could have resulted in a far, more lenient sentence constituted ineffective assistance of counsel.

And in **Edens v. Hannigan, 87 F. 3d 1109** (10th Cir. 1996), that appellate court ruled that the defense counsel's failure to pursue a favorable plea negotiations on behalf of that defendant, due to conflict of interest, rose to the level of ineffective assistance as contemplated in **Strickland v. Washington,** 466 U.S. 668, 80 1. Ed. 2d 674, 104 S. Ct. 2052 (1984).

Here, it cannot be disputed that the 47-month and 7-year plea-offers that were proposed by the Government were exceedingly more diserable than the 120-month sentence that Petitioner wound up with. Thus, in light of Petitioner's expression of willingness to his appointed counsel that Petitioner would accept those offers and plead guilty, it follows that counsel's insistence on trial was spurred solely by his desire to earn more money. And said conflict of interest irreparably shrouded Petitioner's counsel's judgment in opting for a trial.

The issue raised here would seem to require a rational court to order an evidentiary hearing in which said counsel's conduct allegation coud be examined to enable the court to make

4

an informed determination. Needless to mention, no hearing was ever ordered in the case herein prior to denial and dismissal of Petitioner's § 2255 action. Petitioner submits that said Court's failure to order a hearing is capricious and an abuse of discretion.

Obviously, Petitioner's allegation, if found to be true, would seriously raise the question of constitutional transgression, but Petitioner was deprived a hearing that would have allowed him to further develope the facts of his allegation.

V

**PRAYER**

WHEREFORE, ALL PREMISES CONSIDERED, Petitioner prays that this Honorable Court grant his petition and grant leave so that Petitioner can appeal the adverse decision herein, or in the alternative, Petitioner prays that this Court order the District Court to conduct an evidentiary hearing and make an informed decision based on its findings of fact and conclusions of law.

Respectfully Submitted,

*/s/ Horacio C. Garcia*

Horacio Garcia-Castro, 77632-079
Federal Correctional Institution
P. O. Box 1010
Dated: November 9, 2000.   Bastrop, Tx. 78602

5

## OATH OF AFFIRMATION

I, HORACIO GARCIA-CASTRO, declare under penalty of perjury that the above is wholly true and correct.

*[signature]*
Horacio Garcia-Castro

## CERTIFICATE OF SERVICE

I, HORACIO GARCIA-CASTRO, certify that a true copy of my Pro Se Petition for Grant of Leave to Appeal Denial of Section 2255 Motion was depositedn into the U.S. mail after the same had been addressed to USAA Jody Young at 1036 E. Levee St., Brownsville, Texas 78520 on this 9th day of November, 2000.

*[signature]*
Horacio Garcia-Castro